The Honorable Benjamin H. Settle

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON L. KREGER, as Co-Representative of the Estate of Dennis W. Kreger, Sr., deceased; ELLA MAE JACKSON-KREGER, as Co-Representative of the Estate of Dennis W. Kreger, Sr., deceased; JO ANN V. EYRISH; CHRIS S. GILGORE; LAURA L. GILGORE; PACIFIC COUNTY<br><br>Defendants. | Case No. 3:19-cv-05682-BHS<br><br>**ORDER OF FORECLOSURE AND JUDICIAL SALE** |

This Order of Foreclosure and Judicial Sale is entered pursuant to the provisions of 28 U.S.C. §§ 2001 & 2002 and 26 U.S.C. §§7402 & 7403. The Court hereby ORDERS as follows:

1.  This Order pertains to two parcels of real property located in Pacific County, Washington ("Subject Properties"), commonly referred to as 16215 Sandridge Road, Long

1

Beach, WA 98631 ("Property I") and 17805 Sandridge Road, Long Beach, WA 98631 ("Property II"), and is more-particularly described in the United States' Complaint (Dkt. No. 1, at ¶ 15, 26).

2. The United States has valid and subsisting tax liens on all property and rights to property of Dennis W. Kreger, Sr., deceased (*See* Judgment in *United States v. Jason L. Kreger, et al.*, Case No. 3:14-cv-06020-RJB (W.D. Wash.), Dkt. Nos. 15, 17), including the Subject Properties. The United States protected its interests by filing Notices of Federal Tax Liens and Abstract of Judgment with the Pacific County Auditor's Office.

3. Dennis W. Kreger, Sr. is the sole owner of Property I.

4. Dennis W. Kreger, Sr. is a 50% owner of Property II. Chris S. Gilgore and Laura L. Gilgore own the remaining 50% of Property II. *See* Dkt. No. 21.

5. Jason L. Kreger has no interest in the Subject Properties.

6. 26 U.S.C. §7403 entitles the United States to enforce its liens against the Subject Properties in order to apply the proceeds towards the tax liabilities of Dennis W. Kreger, Sr.

7. 28 U.S.C. § 3201(a) creates a judgment lien in favor of the United States on all property and interest in property of Dennis W. Kreger Sr.'s Estate, as of that date of the recording of abstract of judgment.

8. The United States' federal tax liens and judgment lien against the Subject Properties are hereby foreclosed. The United States Marshal, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") representative is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Subject Properties free and clear of the right, title, and interest of all parties to this action and any successors in interest or transferees of those parties. The United States may choose either the

United States Marshal or a PALS representative to carry out the sale under this Order of Foreclosure and Judicial Sale and shall make the arrangements for any sales as set forth in this Order. This Order of Foreclosure and Judicial Sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

9. The United States Marshal, his/her representative, or a PALS representative is authorized to have free access to the Subject Properties and to take all actions necessary to preserve the Subject Properties, including, without limitation, retaining a locksmith or other person to change or install locks or other security devices on any part thereof, until a deed thereto is delivered to the ultimate purchaser(s).

10. In light of the COVID-19 pandemic, it is appropriate to permit mail-in bids as part of the public auction process for this sale.

11. The terms and conditions of the sale are as follows:

   a. Except as otherwise stated herein, the sale of the Subject Properties shall be by public auction, by mail-in bid or through in person auction, to the highest bidder, free and clear of all liens and interests of parties to this action, with the proceeds of such sale to be distributed in accordance with the priority of the lienholders set forth in paragraph 16, below.

   b. The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

   c. The sale shall be conducted by mail-in bid, or held at the United States District Court for the Western District of Washington on the Subject Properties' premises, or at any other place in accordance with the

provisions of 28 U.S.C. §§ 2001 and 2002, at a date and time announced by the United States Marshal, his/her representative, or a PALS representative. Opening of mail-in bid forms will occur at the PALS office location.

d. Notice of the sale shall be published once a week for at least four consecutive weeks before the date fixed for the sale in at least one newspaper regularly issued and of general circulation in Pacific County, Washington, and, at the discretion of the Marshal, his/her representative, or a PALS representative, by any other notice that it or its representative may deem appropriate. **State or local law notice requirements for foreclosures or execution sales do not apply to the sale under federal law, and state or local law regarding redemption rights do not apply to this sale.** The notice or notices of sale shall describe the Subject Properties and shall contain the material terms and conditions of sale in this Order of Foreclosure and Sale. If the sale is conducted via mail-in bid, all bids are to be received by PALS no later than 11:00 am the day of the sale.

e. The minimum bid will be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the Marshal, his/her representative, or a PALS representative may, without further permission of this Court, and under the terms and conditions in this Order of Foreclosure and Judicial Sale, hold new public sales, if necessary, and reduce the minimum bid or sell to the highest bidder.

  f. Bidders shall be required to deposit, at the time of sale, under mail-in bid or via in-person auction, with the Marshal, his/her representative, or a PALS representative, a minimum of 10 percent of the bid, with the deposit to be made by a certified or cashier's check payable to the United States District Court for the Western District of Washington. If the sale is conducted via mail-in bid, the deposit is to be provided with the bid and will be returned if the bid is not accepted. Before being permitted to bid at the sale, whether by mail-in bid or public auction, bidders shall display to the Marshal, his/her representative, or a PALS representative satisfactory proof of compliance with the deposit requirement.

  g. Each mail-in bid will be deemed to make a first bid of the minimum bid specified by PALS. Each mail-in bid must also specify the maximum bid the bidder wishes to make. Failure to specify a maximum bid will result in the bid being invalid, and the PALS shall return the bid and deposit to the bidder.

  h. If the PALS receives at least two valid mail-in bids, the winning bidder shall be the one with the highest maximum bid, and the sales price will be the lesser of (1) the second-highest maximum bid plus $1,000, or (2) the highest maximum bid.

  i. If two or more different mail-in bidders specify the same maximum bid and that maximum bid is the highest maximum bid, the PALS may, without further authorization from the Court, solicit further mail-in bids from all such bidders until a single bidder has the highest maximum bid.

j. The balance of the purchase price of the Subject Properties in excess of the deposit tendered shall be paid to the Marshal or a PALS representative (whichever person is conducting the sale) within 30 days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Western District of Washington. If the successful bidder or bidders fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. §1921(c), with any amount remaining to be applied first to the federal tax liabilities of Dennis W. Kreger, Sr. The Subject Properties shall be again offered for sale under the terms and conditions of this Order of Foreclosure and Judicial Sale or, in the alternative, sold to the second-highest bidder. The United States may bid as a credit against its judgment without tender of cash.

k. The sale of the Subject Properties shall not be final until confirmed by this Court. The Marshal or a PALS representative shall file a report of sale with the Court within 30 days from the date of receipt of the balance of the purchase price.

l. Upon confirmation of the sale, the Marshal or PALS representative shall promptly execute and deliver a deed of judicial sale conveying the Subject Properties to the purchaser or purchasers.

m. Upon confirmation of the sale or sales, the interests of, liens against, or claims to the Subject Properties held or asserted by the United States and any other parties to this action or any successors in interest or transferees

of those parties shall be discharged and extinguished. The sale is ordered pursuant to 28 U.S.C. §2001. **Redemption rights under state or local law shall not apply to this sale under federal law.**

    n.    Upon confirmation of the sale, the purchaser or purchasers are responsible for having the Recorder of Deeds of Pacific County, Washington cause the transfer of the Subject Properties to be reflected in the Pacific County property records.

12.    Until the Subject Properties is sold, the Estate of Dennis W. Kreger, Sr. shall take all reasonable steps necessary to preserve the Subject Properties (including all buildings, improvements, fixtures, and appurtenances thereon) including, without limitation, maintaining fire and casualty insurance policies on the Subject Properties. It shall keep current in paying real property taxes as they are assessed by Pacific County. It shall not commit waste against the Subject Properties, nor shall he cause or permit anyone else to do so. It shall not do anything that tends to reduce the value or marketability of the Subject Properties, nor shall he cause or permit anyone else to do so. It shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the Subject Properties or that may tend to deter or discourage potential bidders from participating in the public sale, nor shall he cause or permit anyone else to do so. In addition, Chris S. Gilgore and Laura L. Gilgore shall have the same obligations concerning Property II. **Violation of this paragraph shall be deemed a contempt of Court and punishable as such.**

13.    All persons occupying the Subject Properties shall leave and vacate permanently the property no later than 15 days after the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances) when

leaving and vacating. If any person fails or refuses to leave and vacate the Subject Properties by the time specified in this Order, the United States Marshal's Office or his/her representative is authorized to take whatever action it deems appropriate to remove such person or persons from the premises, whether or not the sale of such property or properties is being conducted by a PALS representative. If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified herein, the personal property remaining at the Subject Properties thereafter is deemed forfeited and abandoned, and the United States Marshal's Office, his/her representative, or the PALS representative is authorized and directed to remove and dispose of it in any manner they see fit, including sale, in which case the proceeds of sale are to be applied first to the expenses of sale, and then to the tax liabilities at issue herein.

14. Notwithstanding the terms of the immediately preceding paragraph, if, after the sale of the Subject Properties are confirmed by this Court, the Subject Properties remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court pursuant to Rule 70 of the Federal Rules of Civil Procedure to compel delivery of possession of the Subject Properties to the purchaser or purchasers thereof.

15. If any person occupying the Subject Properties vacates the Subject Properties prior to the deadline set forth in Paragraph 13, above, such person shall notify counsel for the United States no later than two business days prior to vacating the property of the date on which he or she is vacating the property. Notification shall be made by leaving a message for counsel for the United States, Rika Valdman, at (202) 514-6056.

16. The Marshal, his/her representative, or a PALS representative, shall deposit the amount paid by the purchaser or purchasers into the registry of the Court. Upon appropriate motion for disbursement or stipulation of the parties, the Court will disburse the funds in

accordance with the Stipulations between the United States and Pacific County, and the United States and Chris S. Gilgore and Laura Gilgore (Dkt. Nos. 18, 21).

IT IS SO ORDERED.

Dated this 28th day of October, 2020.

BENJAMIN H. SETTLE
United States District Judge

Respectfully presented by:

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Rika Valdman*
RIKA VALDMAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044-0683
Telephone: 202-514-6056
Fax: 202-307-0054
rika.valdman@usdoj.gov

*Attorneys for the United States of America*